RAY C. CHRISTIAN v. ROYAL INSURANCE COMPANY,
LTD. AND ANOTHER.
AUGUST RENNECKE v. SAME DEFENDANTS.[1]

January 15, 1932.

Nos. 28,600, 28,601.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellants.

*Maugridge S. Robb,* for respondents.

HILTON, J.

These two cases were tried together to the court without a jury. Judgment was ordered in favor of plaintiffs for $625.10 and $824.97, respectively. Defendants appeal from an order denying their motion for a new trial.

The actions were for the recovery of amounts necessarily expended in defending the liability action hereinafter referred to.

[1]Reported in 240 N. W. 365.

Plaintiffs claimed that action was one which defendants were obligated to defend under a policy issued to Christian, a dealer in farm implements and machinery, covering liability relative to a motor vehicle (truck). In the policy the companies agreed to indemnify Christian and any person or persons legally operating the truck with his permission, or legally responsible for its operation, against loss arising out of liability for bodily injuries sustained by any person or persons by accident, whether resulting fatally or otherwise, by reason of the ownership, maintenance, or use of the truck; and to defend in the name and on behalf of the assureds all claims or suits for damages for such bodily injuries for which they are or are alleged to be liable. The truck was used by Christian in carrying on his business. Rennecke was operating the truck in the course of his employment with the permission of Christian.

An accident occurred resulting in the death of one Hahn. S. J. Mauer, the administrator of his estate, brought an action to recover damages therefor against these plaintiffs. Proper notices of the accident and of the suit were given, as was also tender of the defense. After much delay and consideration, defendants finally refused to take on the defense, disclaiming any duty so to do. That action was defended by separate counsel employed by each of the defendants therein (plaintiffs here) and resulted in a directed verdict in their favor.

The claims of plaintiffs in the case before us are: (1) That the defendants had taken over and accepted the defense and could not withdraw therefrom; (2) that even if defendants had legally withdrawn from the defense so accepted they had assigned a particular reason therefor (that the truck involved was not the one described in the policy) and hence were bound by such election, waiving all other possible defenses; (3) that the complaint in the original action against these plaintiffs, in addition to other stated causes of action not covered by the policy, did sufficiently allege a cause of action which was covered by the policy, being one arising out of negligence in the use, ownership, or maintenance of the truck.

The trial court found in favor of plaintiffs on all three propositions. We need however consider only the third, which if correct

justified the court in ordering judgments for plaintiffs. Where an action of an injured person is based upon various grounds. which are not within the terms of the policy, and on another which is within its terms, the situation does not justify an insurance company in declining to defend. See Oehme v. Johnson, 181 Minn. 138, 231 N. W. 817; Minnesota E. D. Co. v. U. S. F. & G. Co. 173 Minn. 114, 216 N. W. 784; Mason-Henry Press v. Aetna L. Ins. Co. 211 N. Y. 489, 105 N. E. 826.

In June, 1927, Hahn purchased a tractor from Christian, and in part payment therefor Christian agreed to accept an old tractor belonging to Hahn. The complaint in the Mauer action alleged (1) breach of warranty in the sale of the tractor; (2) negligence in the matter of the assembling of its parts. It also alleged (3):

"That * * * defendant Christian directed said August Rennecke to deliver, and said August Rennecke did deliver said new tractor at decedent's farm by means of an auto truck [the one here involved] upon which said tractor was carried. That defendant Rennecke unloaded said tractor at decedent's farm and thereupon loaded said old tractor upon said truck. That in so doing, said truck, which was standing on soft ground, became mired and said Rennecke was unable to move the same by means of its own power. That said Rennecke thereupon attached said new tractor to the front of said truck for the purpose of using the power of said tractor to aid and assist in extricating said truck. * * * said Rennecke negligently and carelessly connected said tractor with said truck in an improper manner * * * in such manner that when said tractor started to move, the pull and weight of said truck drew the top of said tractor suddenly backward and the front end thereof upward so that the same careened over and stood on end and fell over and upon decedent, suddenly and without warning, and pinioned him to the ground and crushed said Hahn's body * * * and that as a result thereof said Albert H. Hahn died on the following day."

These and other allegations show that the operation described in the complaint was one undertaken wholly and solely for a pur-

pose coming within the provisions of defendants' policy, and an operation which would not have been undertaken but for the use, maintenance, and ownership of the truck by Christian. In a trial it would have been competent under the complaint for plaintiff therein to prove negligence with respect thereto. The various things done resulting in the accident were in the course thereof; negligence therein causing injury was compensable under the policy.

It is conceded that if the complaint in the Mauer action stated a cause of action against the assured arising from a risk covered by the policy, then defendants are liable in this case. The circumstance that the three propositions upon which Mauer's action was based were interwoven with each other is of no moment; the theory as to the third may well be stated: (1) That the truck (which was covered by the policy) belonging to Christian was mired and immovable; (2) that Rennecke had property of his principal thereon which was to be taken by means of the truck to him; (3) that to continue the use of the truck in his principal's business power in addition to that supplied by its own motor was needed; (4) that the power was to be provided by adding an additional motor (that of the new tractor); (5) that the agent in carrying out such operation was negligent; (6) that in the course of the operation of the truck, with its additional power, the injury was sustained.

We reach the conclusion that the complaint charged a liability under the policy and that it was incumbent upon the defendants to undertake and conduct the defense. There is no dispute as to the reasonableness of the amounts awarded, and the decision of the trial court is affirmed.

Affirmed.