JAMES A. DIGGINS *vs.* EDOUARD THEROUX.

Worcester.     September 27, 1943. — October 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Jurisdiction*, Motor vehicle case. *Motor Vehicle*, Operation. *Superior Court*, Jurisdiction. *Practice, Civil*, Exceptions: whether error shown. *Error*, Whether error shown. *Statute*, Amendment.

An action against the owner of a motor truck for personal injuries sustained in 1940 by one who had responded to a request for help in loading a show case onto the truck which, with its motor shut off, stood backed to a curb for the purpose of the loading, and was injured while so helping, could not properly be brought in the Superior Court in 1941 because it was an action "arising out of the operation of a motor vehicle" within § 19 of G. L. (Ter. Ed.) c. 218, as amended by St. 1934, c. 387, § 1.

A statutory amendment purporting to give the Superior Court jurisdiction of actions of a certain class previously wrongly brought therein, enacted after the allowance in that court of a bill of exceptions stating an exception to an order, correct when made, dismissing such an action for want of jurisdiction, did not require this court to sustain the exception; the plaintiff should assert his rights under the amendment, if any, by some further proceeding in the Superior Court.

TORT for personal injuries sustained on October 5, 1940. Writ in the Superior Court dated February 17, 1941.

The case was dismissed by *Dillon*, J., on February 12, 1943. The plaintiff's bill of exceptions was filed on March 4 and allowed on April 7, 1943.

St. 1943, c. 437, was approved with an emergency preamble on June 5, 1943.

*Nicholas Fusaro & Nunziato Fusaro*, for the plaintiff, submitted a brief.

*S. B. Milton*, (*R. C. Milton* with him,) for the defendant.

QUA, J. This is an action of tort for personal injury originally brought in the Superior Court by writ dated February 17, 1941. At the conclusion of the plaintiff's

opening to the jury the trial judge dismissed the action for want of jurisdiction on the ground that the action arose out of the operation of a motor vehicle and therefore came within the provision contained in G. L. (Ter. Ed.) c. 218, § 19, as amended by St. 1934, c. 387, § 1, that "District courts shall have exclusive original jurisdiction of actions of tort arising out of the operation of a motor vehicle." The plaintiff excepted.

The case made by the plaintiff's opening was, in substance, this: The plaintiff was employed by an express company in making deliveries. On October 25, 1940, he delivered some merchandise at a shop on Main Street in Worcester. A motor truck of the defendant was backed to the curb of the sidewalk, with its motor shut off, while two men were endeavoring to load upon it a heavy show case that was being removed from the shop. One of these men, who "had charge of" the defendant's truck, requested the plaintiff to give them "a lift," saying that the two men were unable by themselves to place the show case upon the truck. Thereupon the two men raised the front end of the show case, while the plaintiff took his position at the other end to push the show case upon the truck when the front end should reach the level of the truck floor. But when the front end of the show case was raised to "a certain height," the show case "was pushed back" so that the glass in it hit the plaintiff's knee, and the glass broke and injured the plaintiff.

In a broad sense the cause of action stated in the opening did arise out of the operation of the motor truck, although the truck was not in motion at the moment of the injury. The purpose of the 1934 amendment to § 19 was to relieve the pressure of business in the Superior Court by removing from that court, in the first instance at least, a large class of cases. *Blair* v. *Boston Elevated Railway,* 310 Mass. 1, 3–4. *Couto* v. *Trustees of New York, New Haven & Hartford Railroad,* 312 Mass. 23, 24–25. In order to accomplish that purpose the words of the statute "arising out of the operation of a motor vehicle" have been construed broadly and inclusively rather than narrowly and exclusively. Long before the enactment of this amendment it had been held

that a motor vehicle could be found to be in operation within the meaning of certain statutes at times when it was not actually in motion. *Commonwealth* v. *Henry*, 229 Mass. 19. *Cook* v. *Crowell*, 273 Mass. 356, 358. *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440, 445. The injury to the plaintiff was causally related to the operation of the truck. The truck was in the street for the purpose of being operated. Operation had brought it to its position at the curb and would shortly take it away again when loaded. The process of placing the show case upon the truck was an incident in the operation of the truck for the transportation of merchandise. The manner of loading the show case upon the truck, which resulted in the injury to the plaintiff, was conditioned upon the position, shape, and height of the truck, and the injury occurred at the very moment of placing the case upon the truck, when those factors pertaining to the truck were exerting their influence upon the movements of the three men. The judge correctly ruled that the cause of action stated in the opening was one "arising out of the operation of a motor vehicle." The case falls within the authority of *Blair* v. *Boston Elevated Railway*, 310 Mass. 1, *Rozzi* v. *Caggiano*, 310 Mass. 752, and *Kennedy* v. *Consolidated Motor Lines, Inc.* 312 Mass. 84. The case of *Caron* v. *American Motorists Ins. Co.* 277 Mass. 156, cited by the plaintiff, presented a different state of facts. That case was distinguished in *Mullen* v. *Hartford Accident & Indemnity Co.* 287 Mass. 262, at page 264, and in *Kennedy* v. *Consolidated Motor Lines, Inc.* 312 Mass. 84, at page 89.

After the ruling of the trial judge concurrent original jurisdiction over actions of tort arising out of the operation of a motor vehicle was restored to the Superior Court by St. 1943, c. 296. This amendment was by its terms to take effect on September 1, 1943, and was to apply only to actions commenced thereafter. But by St. 1943, c. 437, it was further provided that nothing in c. 218, § 19, shall "prevent the superior court from having jurisdiction of any action of tort arising out of the operation of a motor vehicle which has been or prior to September first of the current year shall be commenced in such court." The last men-

tioned amendment would seem to have been intended to infuse vitality into actions wrongly brought in the Superior Court of which that court had no jurisdiction when the actions were brought. If this is so, it would seem that in order to avail himself of this statute a plaintiff should at least take some step in the case directed to that end, either by moving to vacate the order of dismissal or by asserting in some manner his claim of a right to proceed with the action under the statute, and that the defendant should have notice of the plaintiff's proposed action and an opportunity to be heard in relation to it. See *O'Donnell* v. *Registrar of Motor Vehicles*, 283 Mass. 375, 378–379. At any rate it is not perceived how the statute can so operate upon a bill of exceptions which was pending when it was enacted as to require us to sustain an exception to a ruling that was right when made. *Woodrow* v. *Mansfield*, 106 Mass. 112, 114. The plaintiff has made no contention based upon the new statutes. Under the circumstances we do not feel called upon to determine their construction or their effect. *Edgerly* v. *Lawson*, 176 Mass. 551, 553. See *Wheatland* v. *Lovering*, 10 Gray, 16; *Buck* v. *Dowley*, 16 Gray, 555; *Langmaid* v. *Reed*, 159 Mass. 409, 412.

*Exceptions overruled.*