SAMUEL POST *vs.* CORNELIUS CASHIN.

Worcester. September 27, 1948. — October 28, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Housing. Price Control. Landlord and Tenant,* Federal control. *Statute,* Amendment.

Under the Federal housing and rent act of 1947, U. S. C. (1946 ed.) Sup. I, Title 50, Appendix, § 1899 (a) (4), a landlord was not entitled to recover possession from a tenant of an apartment subject to the statute for the purpose of substantial alterations designed to convert the apartment into two apartments where, although it appeared that the landlord was acting in good faith and had the necessary governmental permits for such alterations and that they could not be made while the tenant was in occupation, no want of repair of the apartment

or unsuitability of it as living quarters appeared to satisfy the additional requirement of the statute that the alterations be "reasonably necessary to protect and conserve the housing accommodations."

An action of summary process by a landlord for recovery, for the purpose of substantial alterations, of housing accommodations subject to the Federal housing and rent act of 1947, must be decided by this court on the basis of the statute as it read before the amendments enacted in 1948 subsequent to the decision in the trial court.

SUMMARY PROCESS. Writ in the Central District Court of Worcester dated September 11, 1947.

Upon appeal to the Superior Court, the case was heard on agreed facts by *O'Brien,* J., who ordered judgment for the plaintiff on December 2, 1947. The defendant alleged exceptions.

*P. J. Murphy,* for the defendant.

*W. J. Griffin,* for the plaintiff.

LUMMUS, J. This is an action of summary process for the recovery of the apartment on the first floor of a three-story building in Worcester. In the District Court there was judgment for the defendant, and the plaintiff appealed to the Superior Court. In that court the case was submitted on a statement of agreed facts, filed on November 14, 1947, of which the following facts are material.

The defendant was a tenant at will, whose tenancy was terminated on August 31, 1947, by notice. He occupied the apartment as his dwelling. The plaintiff has obtained the necessary governmental permits for the alterations that he planned, and seeks in good faith to recover possession of the apartment for the purpose of making these alterations, which cannot be made while the apartment is occupied. The alterations are designed to convert a single apartment of seven rooms into two apartments of three rooms each. A fire wall is to be built between the two new apartments, the walls, doors and partitions are to be removed, the present lighting and plumbing fixtures are to be taken out, a new kitchen and a new bathroom are to be made in each apartment, and new electrical wiring and fixtures and new water piping and fixtures are to be installed.

In the Superior Court judgment for the plaintiff was ordered on December 2, 1947, and the defendant excepted.

By the housing and rent act of 1947, enacted by the Eightieth Congress and approved on June 30, 1947, U. S. C. (1946 ed.) Sup. I, Title 50, Appendix, § 1899 (a) it is provided that "No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless — . . . (4) the landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of substantially altering, remodeling, or demolishing them and replacing them with new construction, and the altering or remodeling is reasonably necessary to protect and conserve the housing accommodations and cannot practically be done with the tenant in occupancy, and the landlord has obtained such approval as may be required by Federal, State, or local law for the alterations, remodeling, or any construction planned." It is undisputed that the apartment in question is one to which the act applies.

The agreed facts show that "the landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of substantially" altering or remodeling them. But they do not show that "the altering or remodeling is reasonably necessary to protect and conserve the housing accommodations." [1] On the contrary, the housing accommodations previously existing were to become useless, and not protected or conserved. There is nothing in the record to show that those housing accommodations were in bad repair or unsuitable for living quarters. Under these circumstances it was held in the similar case of *Levin* v. *Mede,* 189 Misc. (N. Y.) 852, that the tenant could not be dispossessed, for the words in question were intended as an additional restriction upon the right

---

[1] The words last quoted were eliminated from the act by the amendments of 1948, approved March 30, 1948 (62 U. S. Sts. at Large, 98). But the present case, which arose and was decided in the court below before that date, is governed by the act of 1947. *Wheatland* v. *Lovering,* 10 Gray, 16. *Diggins* v. *Theroux,* 314 Mass. 735, 738.

of the landlord to regain possession. We think that case construes the words correctly.

The exceptions of the defendant are sustained, and judgment is to be entered in his favor.

*So ordered.*