## OKLAHOMA FARM BUREAU MUT. INS. CO.
### v.
### MOUSE.
#### No. 35607.

Supreme Court of Oklahoma.

July 7, 1953.

Rehearing Denied March 23, 1954.

Pierce, Rucker, Mock, Tabor & Duncan, Oklahoma City, for plaintiff in error.

Ira Monroe, Clinton, for defendant in error.

DAVISON, Justice.

This is a proceeding in garnishment against the Oklahoma Farm Bureau Mutual Insurance Company, as garnishee, whereby the plaintiff, Roy Mouse, seeks payment of a judgment in his favor against Rubal Ruther and Leland A. Seba, a copartnership, as defendant. The parties will be referred to as they appeared in the trial court.

Plaintiff instituted this action against the defendant by filing his petition, which, except for formal parts, is as follows:

"Comes now the plaintiff, Roy Mouse, and for his cause of action against the de-

fendants, Rubal Ruther and Leland A. Seba, a co-partnership, alleges and states:

"1. That the defendants, Rubal Ruther and Leland A. Seba, at the time this cause of action arose and for some time thereafter were partners in the business of custom combining and following the wheat harvest and that the said Rubal Ruther is now and has been for many years a resident of Custer County, Oklahoma,

"2. That on or about the 6th day of July, 1949, the said Rubal Ruther came to the home of the plaintiff and employed the said plaintiff to work for the partnership of Rubal Ruther and Leland A. Seba as a truck driver and combine operator at an hourly wage of $1.25; that the said plaintiff accepted said employment and went to work for said copartnership. That said plaintiff on or about the 15th day of July, 1949, and while in the employ of the defendants was riding in the cook shack with the said Leland A. Seba and were following a self-propelled combine loaded upon a truck; that near the town of Pegosha Springs, Colorado, and while attempting to go under a bridge, the breather pipe of the combine, loaded upon the truck immediately in front of the automobile driven by one of the defendants, Leland A. Seba, caught upon the bottom of said bridge; that the said Leland A. Seba ordered and commanded the said plaintiff to climb upon said truck and upon the top of the combine and to bend down the breather pipe so that it would clear said bridge; that the plaintiff tried to bend said pipe while holding on to the combine with one arm and was unable to do so and thereupon the defendant Leland A. Seba ordered his employee, Roy Mouse, to "grab the son of a bitch and bend it down"; that the plaintiff acting under the direct orders of the defendant grabbed the said pipe with both hands and that the bracket holding said pipe to the side of the combine was broken and threw the plaintiff to the highway and broke, crushed, and mangled his right arm and caused internal injuries to the head of said plaintiff.

"3. Plaintiff alleges that his said injuries were caused by the negligence and want of care of the defendants in either or all of the following particulars, to-wit:

"(1) That the defendants were guilty of negligence and want of care in ordering, commanding and instructing this plaintiff into a place of danger and ordering him to perform an act that was dangerous in itself while said plaintiff was in this place of danger, to-wit: atop a self propelled combine which was loaded upon a truck and while said truck was upon a heavily traveled highway; and by ordering, commanding and instructing this plaintiff to perform a dangerous act in an improper, dangerous, and unskillful manner, all of which was known to the defendants and that this plaintiff relied upon the defendants knowledge as to the propriety of such order, command and instruction and did so act as ordered, commanded and instructed by his master and that by so acting under said order, command and instruction of the defendants, this plaintiff was seriously and permanently injured as hereinafter set out and that such injury was the direct and proximate result of his obedience to the order, command and instruction of the defendants.

"4. Plaintiff alleges that he was without fault in the premises and that his injury as hereinafter set out was directly and proximately caused by the negligence and want of care of his masters, the defendants herein, as hereinbefore set out, but for which this plaintiff's injury would not have occurred.

"5. Plaintiff further alleges that as a result of said accident that he was rendered unconscious, and remained unconscious for several hours; that his right arm was crushed, broken and mangled and that the fingers on his right hand were broken and mangled and that he suffered a severe concussion of the head and that for several days thereafter he had a drainage of blood from his mouth and ears, and that his body was otherwise injured and bruised; that he has lost the use of—right arm and hand and that said loss is permanent and that his ability to earn a livelihood has been permanently and seriously impaired, and that because of said injury as aforesaid that this plaintiff has been damaged in the sum of $20,000.00; plaintiff further alleges that by reason of the physical and mental suffering resulting from his said injury and

from the pain and suffering which he has had as a result of his injury that he is entitled to recover an additional sum of $15,000.00 from said defendants.

"6. Plaintiff further alleges that his doctor bills incurred immediately after the injury were paid for by the defendants, but that he is still taking treatments from Dr. Paul B. Lingenfelter and that he has become liable to pay to him the sum of $92.00 at this date and that he is taking treatments at this time and will incur more doctor bills in the future, the amount of which is unknown.

"Wherefore, plaintiff prays judgment against the defendants in the sum of $35,092.00 and the costs of this action."

A trial of the case to a jury culminated in the following judgment, to-wit:

"On this 26th day of September, 1950, came plaintiff in person and by his attorney, Ira Monroe, and also came the defendant, Rubal Ruther and Leland A. Seba, a co-partnership, service having been had upon said defendant by serving Rubal Ruther and he appearing only and by his attorney, R. B. Strong, Sr., and this case came on for trial in its regular order before a jury of twelve good men, who being duly empanelled and sworn well and truly to try the issue joined between plaintiff and defendant and a true verdict render according to the evidence; and having heard the evidence, the charges of the court and the arguments of counsel, upon their oath say:

"Verdict

"In the District Court of the Second Judicial District of Oklahoma in and for Custer County.

"Roy Mouse,

Plaintiff,

v.

Case No. 10,101.

"Rubal Ruther and Leland A. Seba, a co-partnership,

Defendant.

"Verdict

"We the Jury, empanelled and sworn to try the issues in the above entitled cause, do upon our oaths find for the plaintiff, Roy Mouse, and against the defendant, Rubal Ruther and Leland A. Seba, a co-partnership, and fix the amount of plaintiff's recovery against defendant as follows: For hospital and doctor bills, if any, in the sum of $284.45; for pain and suffering, if any, in the sum of $3000.00; for loss of time if any; and impairment of his earning power, if any, in the sum of $7000. The aggregate of said sum or sums being the amount of $10,284.45, with 6% per annum interest from this 26th day of September, 1950.

"Gordon Finkenbinder.

"Foreman."

"Endorsed:

Filed Sept. 26, 1950, 6:00 P.M.

Helen M. Gossmann, Court Clerk

Custer County, Oklahoma

By ———— Deputy

"It is therefore considered and ordered by the court that the said plaintiff have and recover from the said defendant the sum of $10,284.45, with 6% per annum interest from this 26th day of September, 1950, together with the costs of this action taxed at $28.50, for which let execution issue."

After issuance of execution and its return showing that no property was found upon which levy could be made, plaintiff filed an affidavit for garnishment and had interrogatories issued to the garnishee, on the ground that said garnishee was the insurer in a certain automobile liability insurance policy issued to the defendant, Rubal Ruther. Upon the answers of said garnishee, plaintiff took issue. A trial thereon resulted in judgment for plaintiff against the garnishee for the sum of $10,000, the amount of said policy. From that judgment, the garnishee has perfected this appeal.

The liability insurance policy, here involved, was issued to Rubal Ruther, individually, and covered bodily injury suffered by any person "as a result of the ownership, maintenance or use of the motor vehicle described herein" (a 1949 Chevrolet 1½ ton truck). One of the exclusions from liability under the said policy was;

"6. Under coverage A, to bodily injury to or death of any employee of the insured while engaged in the busi-

ness of the insured, other than domestic employment, * * *."

The garnishee contends that the plaintiff was an employee of the insured and was, therefore, excluded from the coverage provided by the insurance because of the last above quoted provision of the policy. With this contention, we do not agree. The action was prosecuted by the plaintiff against the partnership of Ruther and Seba. The verdict of the jury and the judgment founded thereon were against the partnership. The liability of Ruther was not by reason of being the employer of the plaintiff, but, rather, was by reason of being a member of the partnership which was his employer. That Ruther was liable personally for such partnership obligation is provided by 54 O.S.1951 § 40, which is a restatement of the common law rule.

In the case of Anderson v. Dukes, 193 Okl. 395, 143 P.2d 800, 801, it was said,

"A partnership as employer constitutes an entirely different employer than would exist if one of the partners is the individual employer. * * *

"* * * A partnership is a distinct entity from the individual members constituting it * * *."

Plaintiff was employed by the partnership for performance of duties in connection with the harvesting of wheat. The insured in the insurance policy was Rubal Ruther, as an individual. Therefore plaintiff was not an employee of the insured and did not come within the provisions of the exception clause above quoted. The insured and plaintiff's employer were two distinct and separate entities. The garnishee strongly asserts that the petition and judgment as against the defendant fix plaintiff's position as against the garnishee. In this, it is correct but, by an examination of those instruments, which have been set out in full above, plaintiff's position is established as that of an employee of the partnership, not of Ruther.

Some contention is made that the injury to plaintiff did not result from the ownership maintenance or use of the automobile because the truck was not the mechanism which caused plaintiff's injury.

There are few cases dealing with that question which appear in the reports, but, in all jurisdictions where it has been discussed, if the cause of the injury was something physically attached to or immediately connected in some manner with the motor vehicle or its operation, the injury was held to be a result of the use of the vehicle. See Christian v. Royal Insurance Company, Ltd., 185 Minn. 180, 240 N.W. 365; Diggins v. Theroux, 314 Mass. 735, 51 N.E.2d 425; Connecticut Indemnity Co. v. Lee, D.C., 74 F.Supp. 353. Some courts have adopted a much broader definition of what constitutes a result of the use of a motor vehicle. But the extent of the rule need not be here determined because the breather pipe on the combine, which was the dangerous instrument starting the chain of events leading to plaintiff's injury, in the case at bar, was a part of the actual load on the Chevrolet truck described in the insurance policy.

Therefore, plaintiff's injury was one covered by the provisions of the policy and he was not within the class excepted from its operation and the trial court was correct in adjudging the garnishee liable for the damage sustained.

The judgment is affirmed.

JOHNSON, V. C. J., and O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.

CORN, J., concurs in result.

HALLEY, C. J., dissents.

WILLIAMS, Justice (concurring specially).

The company insured defendant Ruther against damages resulting from mishap occasioned by his use of the insured vehicle, "imposed upon him by law". He, not the partnership, was using his truck at the time of the injury sustained by plaintiff, in compliance with his side-agreement with his partner, Seba, that he, Ruther, would haul Seba's combine from Oklahoma to the wheat country and from job to job while there, in return for the privilege of hauling, for the prices commanded by the performance of such services, the wheat combined by the

partnership to the elevator. Mouse, an employee of the partnership, injured, according to the petition and verdict, in the course of such employment, sued the partnership, as shown in the majority opinion. The company moved as if to defend the principal action but withdrew to await developments, on the theory that Ruther was not personally sued, could not be personally liable, and that its liability could not rise above that of its insured, and therefore it was not concerned. Therein lay its error.

The truck concerned was that of its insured.

The company argues, in briefs lately filed, its liability, if any, is not as the holder of property of the insured but must arise from policy provisions. Granted, but it should have anticipated that judgment might go against the partnership, that the partnership might be short on assets and that their insured might be asked to respond as a member thereof. His response personally to liability insured against, "imposed upon him by law," must be made in his behalf by the insurer,

I therefore concur.