HUMBOLDT TRUST & SAVINGS BANK, appellee, v. FIDELITY & CASUALTY COMPANY of New York, appellant.

No. 50976.

(Reported in 122 N.W.2d 358)

JUNE 11, 1963.

REHEARING DENIED SEPTEMBER 17, 1963.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellant.

Franklin Jaqua, of Humboldt, and John H. Mitchell of Mitchell, Mitchell & Murray, of Fort Dodge, for appellee.

PETERSON, J.—I. This is an action in equity by plaintiff (bank) against defendant (bonding company) for declaratory judgment as to two legal questions. A bond was carried by the bank against liability as to embezzlement, robberies, forgeries etc. There were nine forgeries discovered at the time of the commencement of the action. The bank contends it was protected to the extent of $2500 as to each forgery. The bonding company contends that by reason of a rider on the policy the complete liability for all forgeries by any one person was restricted to $2500. The trial court entered decree in favor of plaintiff. Defendant appealed.

For several years Humboldt Trust & Savings Bank had carried a liability policy with the Fidelity & Casualty Company of New York as to all ordinary contingencies which might happen in connection with the banking business. This means that the bond protected the bank against embezzlements, robberies, burglary, false pretenses, holdup, mysterious disappearance, forgeries etc. The year the bank made a claim upon the bonding company was the year of discovery of the liability. The delinquency had happened in several previous years.

In 1960 the bank discovered nine forgeries made by a man whose name was Dennis J. Gahan, either in his own name or in the name of his company, Gahan Real Estate. The forgeries were as follows: Check dated October 5, 1956, in the amount of $5000. Check dated April 17, 1958, in the amount of $8000. Check dated April 21, 1959, in the amount of $8296.40. Check dated June 11, 1959, in the amount of $10,800. Check dated August 21, 1959, in the amount of $10,000. Check dated June 19, 1959, in the amount of $10,000. Check dated October 15, 1958, in the amount of $3000. Check dated December 26, 1958, in the amount of $1500. Check dated August 30, 1958, in the amount of $4000.

Upon discovery of the forgeries the bank promptly gave notice to defendant, and filed a claim advising the bonding company that forgeries had been committed in excess of $50,000. Dennis J. Gahan admitted the forgeries.

As to the details of the situation, this is a case of first impression. Neither appellant nor appellee has cited any analogous precedents. Upon careful search we have been unable to find any.

Examination of the bond discloses there is no ambiguity with reference to the question involved. The terms of the bond are clear and specific. Appellant's specific contention is that since all the forgeries were committed by one person, the bond, under a rider attached to it, limits its liability to a total of $2500. Appellee's contention is that it is immaterial as to whether the forgeries were all committed by one person or were committed by nine different people. Appellant concedes that if committed by nine different people the bond creates a liability in favor of appellee to the extent of $2500 as to each forgery.

The body of the bond itself contains what is known as a "Non-reduction of Liability" clause, which is as follows as to the pertinent parts of same: "Payment of loss under this bond shall not reduce the liability of the underwriter under this bond for other losses whenever sustained; Provided, however, that the total liability of the underwriter under this bond on account of * * * (d) any loss or losses with respect to any one casualty or event is limited to the sum above stated in the opening paragraph of this bond, irrespective of the total amount of such loss or losses." The amount above stated is $130,000, the principal amount of the bond.

Appellant contends the rider attached to the bond limits its liability to a total of $2500. The rider has a reservation which establishes the question clearly in favor of appellee. A clause in the rider appears as follows: "Subject, nevertheless, to the Non-reduction of Liability Section on the Attached Bond." This clearly renews full liability of the bond after each loss. It automatically immediately becomes a bond of $130,000.

In view of such language there is no question but what the liability of appellant is in the amount of $2500 as to each of eight forgeries. Said forgeries are all in excess of such amount. There is one forgery in the amount of $1500 and the liability of appellant is restricted to $1500 as to said forgery.

We hold it is immaterial, under the terms of the bond, as to

whether nine separate forgeries were committed by one person or whether nine forgeries were committed by nine people. The liability outlined attaches under the terms of the bond in either event.

II. The other legal question pertains to attorney fees and court costs. The bond protects the bank not only as to losses suffered under forgeries, etc., but also as to attorney fees and court costs paid out by the bank in connection with defending any actions against the bank involved in the forgeries. Plaintiff was sued and incurred attorney fees and court costs in the amount of $2210.28. The case at bar was tried on a stipulation between the parties as to the facts. One section in the stipulation provides that if there was liability as to the attorney fees and court costs, the sum of $2210.28 was reasonable and fair and had been paid.

Appellant's claim is that it is only liable for court costs and attorney fees to the extent of the proportionate share to which it is liable under the bond as compared with the full amount of the forgery checks. In other words, if the company is liable for $2500 and a forgery check is $10,000, the company would only be liable to the extent of one fourth of such fees and costs.

We hold this is an erroneous interpretation of the provisions of the bond. If appellee is sued it must defend itself. Whether the suit is for $2500 or for $10,000, the attorney fees and court costs involved would be in the same amount. There is no basis for reduction in the amount for which the bonding company is held responsible. This question has been passed upon in the following cases on a basis favorable to appellee: Mannheimer Bros. v. Kansas Casualty & Surety Co., 149 Minn. 482, 485, 184 N.W. 189, 190; Christian v. Royal Insurance Co., 185 Minn. 180, 240 N.W. 365; City Poultry & Egg Co., Inc., v. Hawkeye Casualty Co., 297 Mich. 509, 298 N.W. 114.

In the Mannheimer case above cited the court said, referring to a previous Minnesota case: "[Appellant contends] defendant should be charged with the costs of the appeal only to the extent and in proportion that its liability bears to the whole amount, namely, five twelfths. In our view of the contract this contention was properly rejected by the trial court. The insurance con-

tract obligated defendant to defend all actions brought against plaintiff, on claims for damages resulting from the operation of the insured truck, and we find no qualification limiting its obligation in that respect to the extent of its own interests in the litigation. The duty created by the contract was to conduct the whole defense, * * *."

As to the liability of appellant under its bond we hold same is to the extent of $2500 as to each of eight forgeries and $1500, the amount of the check, as to the ninth forgery. We hold appellant is liable for the attorney fees and court costs expended by appellee. We affirm the decision of the trial court.—Affirmed.

All JUSTICES concur.