HOME INDEMNITY COMPANY, a corporation, Plaintiff,

v.

Jimmy LIVELY, a minor, by and through his father and next friend, M. L. Lively, and M. L. Lively, Individually, Defendants, and Providence Washington Insurance Company, a corporation, Intervenor, and Hartford Accident and Indemnity Company, a corporation, et al., Additional Parties Defendant.

Civ. No. 71-229.

United States District Court,
W. D. Oklahoma, Civil Division.

Nov. 14, 1972.

———◆———

Harry R. Palmer, Jr., Oklahoma City, Okl., for plaintiff.

Bryce Hodgden, Woodward, Okl., for defendants.

Kenneth N. McKinney, Oklahoma City, Okl., for Providence Washington Ins. Co.

Clyde J. Watts, Oklahoma City, Okl., for Hartford Accident and Indemnity Co.

Andrew J. Moore, Woodward, Okl., for Halley.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

This declaratory judgment action involves a question of insurance coverage regarding an accident as to three different insurance policies. The case has been submitted to the Court on a Stipulation of Facts filed herein, a Supplemental Stipulation of Facts and a short evidentiary hearing supplementing said Stipulations.

Jimmy Lively (Lively) threw a pop bottle at Glen Allen Halley (Halley) from a moving car, striking him in the head and causing a severe skull fracture and other related injuries. The car was owned by William H. Arnold and was being driven by Debra Mason (Mason), his daughter. Lively was riding as a passenger with the daughter's permission. Halley was waiting by the side of the road for a school bus. Halley's father and Halley brought separate suits in the Oklahoma State Court to recover their respective damages against Lively, Mason and another passenger not here involved. In both cases, acts of negligence on the part of these three individuals were alleged to be the proximate cause of Halley's injuries and resulting damages.

The Plaintiff Home Indemnity Company (Home), Intervenor Providence Washington Insurance Company (Providence) and Additional Party Defendant Hartford Accident and Indemnity Company (Hartford) all have an interest in the outcome of this litigation, the purpose of which is to determine whose insurer, if any, has coverage as to Defendant Jimmy Lively in the State suits by Halley and his father.

Home may insure Lively under a homeowners policy issued to his father, Providence may insure Lively under an automobile liability policy also issued to his father and Hartford may insure Lively under an automobile liability policy issued to William H. Arnold, owner of the car and father of the driver of the car in which Lively was a passenger. All of the policies were in effect at the time of the alleged injury.

The policies in question provided, insofar as is here pertinent, as follows:

*Home's* policy:

"Section II of this policy does not apply: . . . (b) under coverages E and F, to the ownership, mainte-

nance, operation, use, loading or unloading of (1) automobiles . . . while away from the premises or the ways immediately adjoining . . ."

*Providence's* and *Hartford's* policies:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: A. Bodily injury . . . arising out of ownership, maintenance or use of the owned automobile or any non-owned automobile . . ."

*Providence's* policy:

"Persons Insured: The following are insureds under Part I: * * * (b) with respect to a non-owned automobile, * * * (2) any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and * * *"

*Hartford's* policy:

"Persons Insured: Under Coverage A—Liability * * * the following are insureds: (a) with respect to an owned automobile, * * * (2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and * * *"

All three policies exclude coverage for intentional acts of an insured.

Home contends that its policy does not provide coverage because the accident did not occur on the described premises (Lot 13 and 14, Block 29, Sharon, Oklahoma) and as it occurred while Lively was "using" the car in which he was riding, such use being away from the described premises and ways immediately adjoining, coverage is excluded by the first-above quoted policy provision. Finally, because Lively's act was intentional Home provides no coverage. Providence and Hartford claim that Lively as a passenger in the car was not "using" the car but if so that such use was without the permission of the owner. Also that any use of the car had no causal connection with the throwing of the bottle and thus such act is not a "use" of the car. Both adopt the position of Home with respect to the claimed intentional act of Lively. Providence and Hartford each claim that if they be held to have provided coverage for this incident, then the coverage of each is excess to that of the other.

Threshold to a consideration as to coverage regarding each of the three policies is whether the accident involving Halley arose out of the use by Lively of the automobile in which he was riding as a passenger. It is well settled that a passenger in a car as distinguished from the driver thereof may be using the vehicle. Insurance Law and Practice (Appleman) Vol. 7, Section 4316, p. 142; Bolton v. North River Ins. Co., La.App., 102 So.2d 544, 547; National Union Fire Ins. Co. of Pittsburg, Pa. v. Bruecks, 179 Neb. 642, 139 N.W. 2d 821 (Neb.1966). It is also well settled that when insurance policy coverage is under consideration, as opposed to tort liability, the automobile need not be the proximate cause of the accident but the broader requirement of causal relationship or connection is the appropriate test. Insurance Co. of North America v. Royal Indemnity Co., 429 F.2d 1014 (Fourth Cir. 1970); Fireman's Fund Insurance Co. v. Canal Insurance Co., 411 F.2d 265 (Fifth Cir. 1969); Universal Underwriters Ins. Co. v. Aetna Ins. Co. of Hartford, Conn., 249 Cal.App.2d 144, 57 Cal.Rptr. 240 (1967).

Our Circuit has recently had occasion to decide this threshold question in the case of Wyoming Farm Bureau Mutual Ins. Co., Inc., a Wyoming corporation v. State Farm Mutual Automobile Ins. Co., 467 F.2d 990 (Tenth Cir. 1972). Such case involved a similar fact question as here involved and identical policies. It held that a passenger in a car throwing

an object therefrom, which act injures a person, was "using" the car or, differently stated, that an accident resulting from such act arose out of the "use" of the car by the one riding therein as a passenger and throwing the object, within the meaning of the pertinent provisions of said policies. On the basis of this decision, which this Court now follows, it is concluded that the accident and resulting injury involved herein arose out of Lively "using" or Lively's "use" of the automobile in which he was riding as a passenger. Also see Annotation 89 ALR.2d 150.

■ With this determination the Plaintiff Home by its policy provided no coverage by reason of the exclusionary clause therein (first set out above) which negates coverage if an accident arises out of the "use" of an automobile while away from the premises described in the policy or the ways immediately adjoining such premises. Thus, as the car was being used by Lively at the time of the accident and the accident occurred while away from the premises described in said policy or the ways immediately adjoining the same, judgment should be entered in favor of Home to the effect that it has no coverage herein. However, coverage would be afforded to Lively by both Providence[1] and Hartford regarding this accident as Lively was using the car at the time of the accident and would be an additional insured under such policies provided Lively's use of the car at the time of said accident was with the permission of the owner thereof and was within the scope of such permission. Such permission of the owner of the car and scope is necessary for coverage as to both these policies by reason of provisions in each as above set out.

■ The Court finds and concludes from the Stipulations and evidence received herein that Lively was using the car in which he was riding as a passenger with the permission of William H.

Arnold (Arnold), the owner of said car, at the time he threw the bottle which injured Halley and was within the scope of such permission. The evidence reveals that Arnold gave his daughter, the driver of the car at the time of the accident, permission to use his car on the day of the accident for the purpose of going to school. He had placed certain limitations or conditions on such use, none of which were violated on the day or at the time of the accident involved herein. One limitation was that the daughter not have more than six people in the car at the same time and that she not engage in joy riding. At the time of the accident herein the car did not contain more than six people and the driver and occupants thereof were enroute to school and were not engaged in joy riding. It further appears from the evidence that Arnold named six people whom his daughter could carry as passengers and do so without advance permission being necessary. Lively was not one of these six people. However, Arnold also testified that he never prohibited his daughter from carrying any specific person as a passenger in the car and that it was permissible for her to give rides to school to persons other than the named six provided she reported to him who they were at the end of the day. The evidence also reveals that on prior occasions the daughter had given rides to others than the named six and reported this to her father, with no objection coming from the father. The daughter testified that taking Lively as a passenger was within the permission she had from her father. The evidence reveals that the daughter did report to her father at the end of the day involved that she had carried Lively to school as a passenger in the car. It thus appears from the evidence that the daughter was using the car with the permission of the owner to go to school and that she also had permission from the owner to take Lively to school as a passenger as he had

1. Lively was a relative (son) of the named insured in the Providence policy. The car in which he was riding was a private passenger automobile.

requested a ride to school which the daughter granted.

In these circumstances and under the evidence herein the Court finds and concludes that the owner of the car (Arnold) had given permission to his daughter (Mason), both express and implied, to take Lively to school as a passenger in his car provided all of his conditions or limitations were met. All were met. And when the accident occurred en route to school the daughter and Lively were within the scope of such permission. 4 A.L.R.3d 10; United Services Auto. Ass'n v. Preferred Acc. Ins. Co., 190 F.2d 404 (Tenth Cir. 1951).

Therefore, reaching the conclusion that Lively was using the car with the permission of the owner thereof and within the scope of such permission at the time of the accident involved herein, both Providence and Hartford afforded coverage for said accident to Lively as an additional insured under their policies.

The Court will now consider the proposition urged herein by Providence and Hartford that the act of Lively in throwing the bottle which injured Halley was an intentional act on his part and coverage is not afforded by them by reason of a clause in each policy excluding coverage for intentional acts of an insured.

 The State Court petitions of Halley and his father make no mention of any intentional act by Lively or the other Defendants named therein. They allege that all acts causing the injury as to all Defendants were negligent acts. It is well settled that initially, the obligation of an insurer to defend is measured by the allegations made against its insured. 7A Insurance Law & Practice (Appleman) § 4683, p. 436 et seq.[2]

██ As the State Court petitions plead only negligence of the alleged tortfeasors and no intentional act of any kind by any one is alleged, it appears that Providence and Hartford each have a duty to provide a defense to Lively as their insured. The Court therefore finds those clauses of said policies dealing with exclusion of coverage by reason of an intentional act of the insured to be presently inapplicable as to the duty of said insurers to defend their additional insured Jimmy Lively in the State

2. In certain circumstances, the obligation of an insurer may be measured by the facts ascertainable by a reasonable investigation by its agents rather than the allegations of the pleadings of the suit against its insured. Hardware Mutual Casualty Co. v. Hilderbrant, 119 F.2d 291 (Tenth Cir. 1941); American Motor Ins. Co. v. Southwestern Greyhound Lines, Inc., 283 F.2d 648 (Tenth Cir. 1960). However, where one of the facts determining coverage is the intent (or lack thereof) of the alleged tortfeasor, then reference is to be had to the pleadings rather than the results of any investigation by the insurer. Harbin v. Assurance Company of America, 308 F.2d 748 (Tenth Cir. 1962). In the last cited case, suit was filed against the insured alleging assault and battery. The insured sued its insurer alleging that had the insurer made a reasonable investigation, it would have found that the acts of the insured were unintentional and thus covered. The Court said:

"The insurer's liability depends on whether the injury was caused inten-

tionally by the insured. The difficulty in the ascertainment of a state of mind needs no amplification. * * * For this reason the argument that the insurer should have conducted an investigation and relied on the results thereof does not persuade us. Intent is to be determined, not by the insurer's investigators, but by the finder of the facts in the lawsuit brought by the claimant of the injuries." 308 F.2d at pp. 749–750.

Thus, in *Harbin* on the basis of the state court pleadings, which alleged an intentional injury, the insurer was not required to defend. The instant case presents the reverse situation. The state pleadings do not allege an intentional injury but allege negligence as an unintentional injury, which is an insured risk. According to *Harbin, supra,* the question of intent or lack thereof should be left to the State Court and this Court should not consider it in arriving at its conclusion regarding an insured's duty to defend.

Court action. *Harbin, supra,* will govern the aftermath. The Court therefore declines to determine herein the payment obligation of the insurers Providence and Hartford. Duggins v. Hunt, 323 F.2d 746 (Tenth Cir. 1963).

■ Providence claims its insurance is excess to that of Hartford. The Providence policy provides in this respect:

*"Other Insurance.* If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable for a greater proportion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The Hartford policy, covering Lively, the passenger, provides in pertinent part:

*"Other Insurance:* If the insured has other insurance against a loss to which Coverage A—Liability applies . . ., the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute or non-owned automobile shall be excess insurance over any other valid and collectible insurance and if the insured has other excess or contingent insurance applicable to loss arising out of the use of a temporary substitute or nonowned automobile, the company shall not be liable under this policy for a greater proportion of such loss than the amount which would have been payable under each other policy applicable to such loss, had each such

policy been the only policy so applicable."

Hartford is the insurer of the car from which the bottle was thrown and Providence is insurer of Lively, a passenger in that car. As to Providence, the car is non-owned; as to Hartford, it is owned. Thus, it appears that Hartford's excess insurance clause does not apply and that Providence's excess insurance clause does apply. 8 Insurance Law & Practice (Appleman) § 4914, pp. 400–402.

The Court therefore concludes:

1. Home Indemnity Company is not liable under its policy either to defend the actions brought by Defendants Glen Allen Halley and Glenwood Halley against Defendant Jimmy Lively in the District Court of Woodward County, Oklahoma, or to pay any judgment that may result therefrom.

2. Hartford Accident and Indemnity Company is liable under its policy of insurance issued to William H. Arnold as named insured and covering Jimmy Lively as an additional insured to provide a defense to Lively in the action brought against him in the District Court of Woodward County, Oklahoma by Defendants Glen Allen Halley and Glenwood Halley.

3. Providence Washington Insurance Company is liable under its policy of insurance issued to the father of Jimmy Lively to provide a defense to its additional insured, Jimmy Lively, in the State Court action referred to above.

4. If under the principles of *Harbin, supra,* the insurers Hartford and Providence become obligated to pay a judgment in the State Court action, Providence Washington Insurance Company is an excess insurer to Hartford Accident and Indemnity Company liable to pay within its policy limits any excess over and above the policy limits of Hartford.

Counsel for Plaintiff will prepare a judgment based on the foregoing, submit the same to opposing counsel for approval as to form and present the same to the Court for signature within fifteen (15) days of the date hereof.