## WALTER P. COOK *vs.* MARY E. CROWELL, executrix.

Barnstable.   October 10, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Motor Vehicle,* Registration, Operation. *Negligence,* Trespasser. *Way,* Public: trespass. *Trespass. Proximate Cause.*

At the trial of an action of tort for personal injuries, there was uncontradicted testimony by the plaintiff that he, a pedler, in 1927 stopped an improperly registered motor truck, which he used for transportation of himself and his goods, at the side of a public way and went into a nearby house for an order; that he then returned and stood at the rear of the truck to fill an order which he had received, opened the doors at the rear of the truck and reached inside for some goods; and that while he was getting them out he was struck from behind by an automobile negligently operated by the defendant. *Held,* that

(1) The defendant was entitled to the substance of a ruling requested by him that "if the truck which the plaintiff was using . . . was standing at the time the plaintiff received his injuries and the plaintiff was then in or about said truck, he was operating said truck within the definition of our laws relating to the operation of automobiles";

(2) The improperly registered truck was a trespasser on the way, a circumstance which, in the absence of wilful, wanton or reckless conduct on the part of the defendant, barred recovery by the plaintiff if there was a causal connection between the trespass and the plaintiff's injury;

(3) The plaintiff's act of unloading goods from the trespassing truck was, as a matter of law, a proximate cause of his injury;

(4) The plaintiff could not recover.

TORT, originally against Prince M. Crowell. Writ dated November 27, 1928.

After the death of the defendant, the executrix under his will was summoned as defendant. The action was tried in the Superior Court before *Fosdick,* J. Material evidence and rulings requested by the defendant and refused by the judge are stated in the opinion. Such evidence was given by the plaintiff and was uncontradicted. The judge denied a motion by the defendant that a verdict be ordered in her favor. There was a verdict for the plaintiff in the sum of $2,400. The defendant alleged exceptions.

*W. A. Thibodeau,* for the defendant.

*R. B. Owen,* (*E. R. Anderson* with him,) for the plaintiff.

PIERCE, J.   This is an action of tort, to recover damages for personal injuries sustained by the plaintiff, as a result of the alleged negligence of the defendant Crowell's testator. At the close of all the evidence the judge refused to grant a written motion of the defendant to direct a verdict in her favor and also refused to give certain requests made by her for instructions to the jury in form or in substance.   The jury returned a verdict for the plaintiff. The case is before this court on the exceptions of the defendant to the refusal of the judge to grant the motion to direct a verdict; and also to his refusal to instruct the jury (1) " If the truck which the plaintiff was using in his employment was standing at the time the plaintiff received his injuries and the plaintiff was then in or about said truck, he was operating said truck within the definition of our laws relating to the operation of automobiles"; (2) " If the plaintiff was operating an automobile which was then bearing number plates which were not assigned to that automobile when it was registered or on which automobile there were displayed number plates assigned to another automobile, then said automobile was improperly registered, was a trespasser upon the highway and a nuisance, and the plaintiff cannot recover "; and (3) " The registration of an automobile under an erroneous engine number, prior to St. 1928, c. 187, is illegal and such automobile is a trespasser on the highway, and if the plaintiff was operating such an automobile he cannot recover in this action."

The facts shown by the bill of exceptions disclose that the plaintiff, on December 8, 1927, was engaged in peddling fish in the town of Barnstable; that in the course of this employment he went onto the public highways, using, as a vehicle of transportation for himself and goods for sale, a truck which was improperly registered; that at some time during the morning he arrived in the vicinity of a certain customer's house which was on the right hand side of the road going from east to west; that he stopped his truck, parked it on the right hand side of the road off the road as near as he could to the trees; that the

highway here was a macadam road twenty-five or thirty feet wide and in addition to the macadam there was a space on the side of the road, with a little grass and gravel, running from the edge of the road to some trees; that very little of the truck was on the macadam, and the part that was not on it was on the right hand side on the grass and gravel; that he got off his truck and went into the customer's house for an order; that after it was given him he went out to get the order from his truck; that he came up to the rear of the truck and stood there, opened the doors and reached in to get some clams; that he had a quart measure in one hand and "his bailer to bail the clams out; that he had taken one bail out of the bucket that contained the clams," and that while so doing was hit from behind by an automobile operated by the testator.

On the record we assume that there is no question raised here as to the testator's negligence. Before St. 1928, c. 187, an automobile was a trespasser, an outlaw and a public nuisance on the highway, if for any cause it was not properly registered. *Staley* v. *Wilbur*, 258 Mass. 481.. St. 1928, c. 187, § 1, providing that "A motor vehicle or trailer shall be deemed to be registered·in accordance with this chapter [G. L. c. 90] notwithstanding any mistake in so much of the description thereof contained in the application for registration as relates to the engine, serial or maker's number thereof," was not retroactive and therefore was not applicable to the facts of this case. *Rosenthal* v. *Liss*, 269 Mass. 373. In the absence of wilful or wanton recklessness attributed to a defendant, a driver of an improperly registered car cannot recover for an injury, received by him while operating the unregistered car, which is caused solely by a defendant's negligence. *Downey* v. *Bay State Street Railway*, 225 Mass. 281. *Nichols* v. *Holyoke Street Railway*, 250 Mass. 88. It is settled law in this Commonwealth that a driver continues to operate a car on the highway during the time it is stopped in the ordinary course of its operation for soliciting trade or in calling for and delivering merchandise. *Commonwealth* v. *Henry*, 229 Mass. 19. *Commonwealth*

v. *Clarke,* 254 Mass. 566.  See *Reynolds* v. *Murphy,* 241 Mass. 225, 227.  It is plain on the undisputed facts that the plaintiff could not have recovered for the negligent acts of the testator had the injury to the plaintiff occurred during his active operation of the truck and while he was upon it.  *Downey* v. *Bay State Street Railway, supra.*

The remaining question is, Was there a causal connection between the illegal act and the injury complained of, or was the fact that the truck was unlawfully upon the public way a condition which might be evidence of contributory negligence merely?  *Bourne* v. *Whitman,* 209 Mass. 155.  *Boyd* v. *Ellison,* 248 Mass. 250, 254.  *Widronak* v. *Lord,* 269 Mass. 238.  In respect to this question there is a manifest difference in the rule to be applied to a case where the person injured was at the time of the injury away from the trespassing truck a substantial distance, as in the case put by the plaintiff, and the case where, as here, at the time of his injury he was actively engaged in or about the truck in removing from it the goods which he had sold and was about to deliver.  Applying the rule as stated above to the undisputed facts, a causal connection appears between the plaintiff's act of unloading the merchandise from the trespassing car and the injury sustained by him while doing so.  The requests for rulings should have been given, in substance, and a verdict for the defendant should have been ordered.

*Exceptions sustained.*
*Judgment for the defendant.*