THE TRAVELERS INSURANCE COMPANY *vs.* AETNA LIFE AND CASUALTY
COMPANY. June 4, 1991. *Insurance*, Motor vehicle insurance. *Motor Vehicle*, Loading or unloading. *Words*, "Loading or unloading."

This is an appeal from the entry of summary judgment in favor of
Aetna Life and Casualty Company (Aetna) and from the denial of sum-

mary judgment for Travelers Insurance Company (Travelers) in an action for declaratory relief. We transferred the case to this court on our own motion.

The facts are not in dispute. Chisholm Services, Inc. (Chisholm), is in the business of transporting elderly and handicapped persons by motor vehicle. On November 4, 1988, two Chisholm employees went to the residence of Eleanor Borriello with a wheelchair van for the purpose of transporting Borriello to an adult day-care center. On arrival, the employees parked the "chair van" on the street in front of the house. The employees went upstairs and into Borriello's bedroom. There, they lifted Borriello from her bed, strapped her into her wheelchair, and carried her down the inside stairs. When they reached the front porch, one of the employees lost his footing, and, as a result, the wheelchair, with Borriello sitting in it, tumbled down the porch stairs and onto the pavement below.

The estate of Eleanor Borriello brought suit against Chisholm for damages resulting from the accident. Travelers insured Chisholm under a business automobile insurance policy, which provided, in relevant part: "We will pay all sums the insured legally must pay as damages because of bodily injury caused by a covered auto in Massachusetts accidents. A. 'Accident' means an unexpected, unintended event that causes bodily injury arising out of the ownership, maintenance or use, *including the loading or unloading of an auto*" (emphasis added). Aetna insured Chisholm under a general business liability policy, which provided, in relevant part: "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto . . . . This insurance does not apply: . . . (b) to bodily injury or property damage arising out of the ownership, maintenance, operations, use, *loading or unloading of . . . any automobile . . .* owned or operated by or rented or loaned to any insured, or . . . any other automobile . . . operated by any person in the course of his employment by any insured" (emphasis added).

The Superior Court judge allowed Aetna's motion and denied Travelers' motion on the ground that the accident arose out of the "loading" of the van. We now affirm.

This court has adopted the "complete operation" rule and rejected the narrower "coming to rest" doctrine in construing such "loading and unloading" clauses in automobile liability insurance policies. *August A. Busch & Co. v. Liberty Mut. Ins. Co.*, 339 Mass. 239, 241-243 (1959). See *F.W. Woolworth Co. v. Lumbermens Mut. Casualty Co.*, 355 Mass. 211, 214 (1969); *LaPointe v. Shelby Mut. Ins. Co.*, 361 Mass. 558, 562 (1972). We have defined the operation of unloading as "a continuous transaction ending with the deposit of the goods in the hands of the purchaser." *Busch, supra* at 243. We have stated that, "[w]here the named

insured trucker or his employees have become engaged and are still engaged directly in the loading or unloading process, or should be thus engaged, or are doing something reasonably connected with the process, there is reason for construing the motor vehicle coverage broadly to protect them." *F.W. Woolworth Co., supra* at 216. The operation is complete when the employee has finished all work in which he was participating or was expected to participate. *Id.* at 214 (employee was not unloading where he had placed the merchandise he was delivering on tailgate of his truck, had obtained a signed receipt, and had no part in removing the merchandise from the tailgate).

In the *Busch* case, we held that the operation was not complete where the employees had removed cartons of beer from the truck and stacked them on the sidewalk in front of a restaurant, had placed the cartons on a hand truck and pushed them fifty-five feet down an alley, had slid them down a chute to the cellar floor of the restaurant, and were putting the cartons into an ice chest when a prospective customer of the restaurant fell through the open trap door of the chute and was injured.

In *LaPointe, supra* at 564, we upheld the ruling of the trial judge that the connection of a propane gas tank at the wrong location by the insured's employee, after he had removed the tank from the truck and had wheeled it on a dolly to the installation site, constituted "unloading," because "installation of the tanks was 'necessary in order to carry out the delivery' and was 'an integral part of the unloading process.'. . . The employee's assigned task was to deliver the tank of propane gas . . . and his negligent act in installing it at the wrong location was a part of that delivery."

In light of these decisions, the employees were in the process of loading Borriello into the van when this accident occurred. This is not a situation where the employees were merely preparing to load but were not yet loading the van. Cf. *Travelers Ins. Co.* v. *American Hardware Mut. Ins. Co.,* 349 Mass. 768 (1965) (forklift removing debris from pile of sheetrock in order to make possible the loading of the sheetrock which lay underneath was preparing to load but was not yet loading the truck). Here, Chisholm's employees were engaged in the very activity for which the van had been hired and for which it stood outside the Borriello house. See *Improved Mach., Inc.* v. *Merchants Mut. Ins. Co.,* 349 Mass. 461, 464 (1965) (forklift operator loading defective press assembly onto truck sent by manufacturer "was engaged in the very activity for which [the insured's] truck stood on the . . . premises"). The operation of loading the van had begun, and Travelers' policy therefore applies to the accident in this case.

We reject Travelers' claim that, if it is liable, then Aetna is concurrently liable for the accident. Aetna's policy specifically excludes liability for accidents occurring during the loading of an automobile. Where the "loading and unloading" language is nearly identical in the two policies (except for the difference in coverage), there is no basis for us to interpret the word "loading" differently in Aetna's policy than in Travelers'. Therefore,

Aetna's policy does not apply to the accident in this case. See *LaPointe, supra* at 566.

For the foregoing reasons, we affirm the order of the Superior Court judge allowing Aetna's motion for summary judgment and denying Travelers' motion.

*So ordered.*

*James J. Walsh* for the plaintiff.
*Brian P. Heermance* for the defendant