Doerfer, J.
INTRODUCTION
The plaintiff, Domino’s Pizza, Inc. (DPI), brings this action seeking to recover attorneys fees it incurred defending an underlying bodily injury case involving one of its franchises, WayCon Pizza Enterprises, Inc. (WayCon). The defendant, Commerce Insurance Company (Commerce), insured WayCon pursuant to a Business Auto Coverage policy. This matter is before the court on defendant Commerce’s motion for summary judgment and plaintiff DPI’s cross-motion for partial summary judgment in its favor on Counts I, II, III, and IV. For the reasons set forth below, Commerce’s motion for summary judgment is ALLOWED, and plaintiff DPI’s cross-motion for partial summary judgment is DENIED.
BACKGROUND
Plaintiff DPI, a Michigan corporation with its regular place of business in Ann Arbor, Michigan, is a franchisor that licenses its trademarked or service marked products to local companies to sell and deliver prepared foods, including pizzas. WayCon is a franchisee of DPI.
*393 On October 31, 1990, Michael Conway (Conway), on behalf of WayCon, filled out an application for Massachusetts Motor Vehicle Insurance for Commercial and Miscellaneous Vehicle with Commerce. He purchased non-owned liability coverage for 0-25 employees. The “named insured” for the Business Auto Coverage (hereinafter “the policy”) issued by Commerce to WayCon was “WayCon Pizza, Inc. &PTL Pizza, Inc.” This policy was in effect on November 3, 1992, the date of the underlying incident. On May 5, 1994, DPI was added as an “additional insured” to WayCon’s policy.
WayCon’s policy provided coverage to non-owned vehicles, that is, vehicles used in the business that are not owned by the named-insured. Non-owned autos, as defined in the policy, include “ ‘autos’ owned by your employees or partners or members of their households but only while used in your business or your personal affairs.” With respect to who is actually insured under the policy, the policy provides in relevant part:
1. WHO IS AN INSURED
The following are “insureds”:
a. You for any covered “auto.”
b. Anyone else while using with your permission a covered “auto” you own, hire or borrow except:
(2) Your employee if the covered “auto” is owned by that employee or a member of his or her household.
c. Anyone liable for the conduct of an “insured” described above but only to the extent of that liability.
The last category of “insureds," section “c,” is referred to by the parties as the “Omnibus Insured Provision” of the policy.
On November 3, 1992, WayCon employed Alberto Cruz (Cruz). While driving his own car and delivering pizzas, Cruz struck Denise Swan. Swan filed suit against Cruz and WayCon, as well as DPI on a respondeat superior theory of liability, for personal injuries arising out of the accident. DPI tendered the defense of the Swan matter to Commerce on May 2, 1994. Commerce refused to defend or indemnify DPI, claiming that DPI did not have coverage under the policy.
DPI brings this action to recoup attorney fees it expended in defending the underlying action. Commerce moves for summary judgment on the grounds that DPI was neither a “named-insured" nor an “additional insured” at the time of the accident. DPI opposes Commerce’s summary judgment and cross-moves for partial summary judgment on Counts I, II, III, and IV of its complaint. The thrust of DPI’s argument is that Commerce owed a duty to defend DPI in the underlying action because DPI was protected under the Omnibus Insured Provision of the policy. DPI further argues that Commerce allegedly failed to examine coverage under the Omnibus Insured Provision when it had a duty to do so and that this constitutes bad faith.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
Duty to Defend
An insurer’s duty to defend is based on the facts alleged in the complaint, and those facts which are known by the insurer. Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 10-11 (1989). Where the “allegations in the complaint are ‘reasonably susceptible’ of an interpretation that they state or adumbrate a claim covered by the policy terms,” the insurer has a duty to defend. Ruggerio Ambulance Service, Inc. v. National Grange Mutual Insurance Company, 430 Mass. 794, 796 (2000), citing Liberty Mut. Ins. Co. v. SCA Servs., Inc., 412 Mass. 330, 332 (1992). In addition, “(a]s a general rule, the policyholder bears the initial burden of proving coverage within the policy description of covered risks.” Markline Co. v. Travelers Ins. Co., 384 Mass. 139, 140 (1981). “Once basic risk coverage is established, the burden shifts to the insurer to prove the applicability of any exclusion to coverage set forth outside of the insuring clause.” Camp Dresser & McKee, Inc. v. Home Ins. Co., 30 Mass.App.Ct. 318, 321 (1991).
Commerce moves for summary judgment on the grounds that no duty to defend DPI existed where DPI was neither a named insured under the policy, nor an additional insured to the policy at the time of the accident. DPI does not dispute these facts.[1] Rather, DPI argues that the Omnibus Insured Provision in the policy specifically extends coverage to DPI and required Commerce to defend it in the underlying action because it was liable for the conduct of the “insured.” Thus, the task required of this court is one of contract interpretation: Is DPI covered under the Omnibus Insured Provision of the policy?
Application of the insurance policy language to known facts presents a question of law for the court. Massachusetts Bay Transportation Authority v. Allianz Ins. Co., 413 Mass. 473, 476 (1992). Courts are guided by several principles in examining insurance policies. *394 Like all contracts, insurance contracts are to be construed “according to the fair and reasonable meaning of the words in which the agreement of the parties is expressed.” Cody v. Connecticut General Life Ins. Co., 387 Mass. 142, 146 (1982). In interpreting the provisions of a policy, “we construe and enforce unambiguous terms according to their plain meaning.” Somerset Savings Bank v. Chicago Title Insurance Co., 420 Mass. 422, 427 (1995). When the policy provisions are “plainly and definitively expressed,” the policy must be enforced according to its terms. Id.
Indeed, the omnibus insured provision in the Way-Con policy appears to provide a defense to “anyone liable for the conduct of an ‘insured’ described above but only to the extent of that liability.” Interpreting identical policy language, the Eighth Circuit held that a non-named company which was sued on a vicarious liability theory was an “insured” under the policy. See J&N Logging Co. v. Rockwood Ins. Co., 848 F2d. 1438, 1439 (8th Cir. 1988). The court premised this decision on the assumption that there was “no dispute” that the negligent individual (the employee) and his employer were both insured under the policy. Id. The court in Vulcan Materials Co. v. Casualty Ins. Co., discussed the same provision, but at greater length. 723 F.Sup. 1263 (N.D.Ill. 1989). “(The Omnibus Insured Provision] is plainly a vicarious liability provision and nothing more: It insures all those who may be vicariously liable for acts or omissions of the named insured (or of other persons insured under the other paragraphs not involved in this caseparagraphs (b) and (c)).” Id. at 1265. A plain reading of the Omnibus Insured Provision in the WayCon policy indicates that it is no different from the provisions discussed in the above-mentioned cases. The question then becomes whether DPI falls within its umbrella of protection under the facts of this particular case.
Applying the facts of this case to the Omnibus Insured Provision and other relevant policy terms, it is clear that WayCon’s policy does not extend coverage to DPI. The Omnibus Insured Provision provides protection to, “Anyone liable for the conduct of an ‘insured’ described above but only to the extent of that liability.” In other words, in order for DPI to benefit from the refuge of this provision, the individual for whom DPI is allegedly held vicariously liable must be insured under the policy and must have affirmatively acted creating potential liability. It is crucial to the operation of the Omnibus Insured Provision, that the individual whose conduct is in question is in fact insured under the policy, because according to a plain reading of the provision, the clause is not triggered if the actor is not insured under the policy.
It is undisputed that Cruz’s conduct is in question and that he was driving his own vehicle when he caused the accident with Swan. Accordingly, Cruz squarely falls within one of the policy’s exclusions: “1. Who is insured: (b) Anyone else while using with your permission a covered ‘auto’ you own, hire or borrow, except: (2) Your employee if the covered ‘auto’ is owned by that employee or a member of his or her household. ” (Emphasis added.) A plain and reasonable interpretation of this section is that Cruz was specifically excluded under the terms of the policy.
DPI’s argument that the Omnibus Insured Provision furnishes it with a defense fails because it is predicated on the faulty foundation that Cruz is insured. DPI’s argument that Mr. Cruz is an insured under the policy omitted paragraph (b)(2) of the policy, which contained the applicable exceptions. Furthermore, Commerce did not, as argued by DPI, “admit.. . that Mr. Cruz was an insured under paragraph (b).’’ See DPI’s Opposition and Cross-Motion for Summary Judgment, p. 3. While Commerce acknowledged that Cruz was driving a “covered auto” at the time of the accident, at no point in time did Commerce ever admit that Cruz was an insured under the policy.
DPI urges this court in its reply brief to ignore Commerce’s “quibbling” about Cruz’s status as an “insured,” and to instead find that Cruz “was WayCon,” an insured, when he was delivering the pizzas. DPI then invokes agency principles in an attempt to. fall under the protection of the Omnibus Provision. Although this is a novel interpretation of the contract, DPI cites no law to support such a construction. A “fair and reasonable meaning of the words” is that Cruz was not insured under the policy because he was driving his own vehicle.
G.L.c. 93A Claim
Finally, with respect to DPI’s G.L.c. 93A claim, this court does not find that Commerce acted in the “absence of good faith” or used “extortionate tactics” in refusing to defend DPI or settle the underlying matter. Guity v. Commerce Ins. Co., 36 Mass.App.Ct. 339, 344 (1994). Commerce denied coverage based on a proper interpretation of the WayCon policy. Even if Commerce was mistaken in its interpretation of the policy language, “a plausible, reasoned legal position that may ultimately turn out to be mistaken ... is outside the scope of the punitive aspects of c. 93A and c. 176D.” Id. at 343. Therefore, DPI’s c. 93A claim fails as a matter of law.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Commerce Insurance Company’s motion for summary judgment be ALLOWED, and plaintiff Domino’s Pizza, Inc.’s cross-motion for partial summary judgment be DENIED.

 In fact, DPI points out that whether it is an “additional insured" or not is of no consequence with respect to its coverage.