Connolly, J.
INTRODUCTION
The plaintiff Metropolitan Property and Casualty Insurance Company (“Metropolitan”) moved for summary judgment requesting a declaration and order from the court that it has no obligation to provide insurance benefits to or for defendant Patricia A. Slavin (“Slavin”) on an automobile policy held by defendant William Santos, Jr. (“Santos”) pursuant to Mass.R.Civ.P. 56. The defendant Slavin filed a cross-motion for summary judgment pursuant to Mass.R.Civ.P. 56. The issue before the court is whether Metropolitan has a duty to defend and indemnify Santos under the terms of his automobile insurance policy with Metropolitan for injuries sustained by Slavin on May 17, 1999 and whether it is obligated to pay Slavin Personal Injury Protection benefits for her injuries. Central to this issue is whether Slavin’s injuries arose out of the ownership, maintenance or use of Santos’s pick-up truck. For the reasons stated below, plaintiffs motion is DENIED and defendant Slavin’s motion is ALLOWED.
BACKGROUND
On May 17, 1999, Santos telephoned Slavin from his fishing boat and asked her to bring his pick-up *475truck to the Plymouth Wharf so that he could unload the fish he had caught on that day. Slavin met Santos as requested and was standing beside the pick-up truck while Santos was attempting to load his catch with a hydraulic lift. During the course of this activity, Slavin was accidently struck in the mouth by the fish tote carried by the hydraulic lift.
At the time of the incident, Santos had a Standard Massachusetts Automobile Insurance Policy (Sixth Edition) issued by Metropolitan with policy number 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-0, covering the period between July 13, 1998 and July 13, 1999. Under this policy, Metropolitan is contractually bound to defend and indemnify Santos for certain bodily injuries arising out of accidents with the insured vehicle. Slavin has submitted a claim for “Compulsory Bodily Injury to Others,” "Personal Injury Protection” (“PIP”), and “Optional Bodily Injury to Others” benefits to Metropolitan for injuries sustained in the accident on May 17, 1999. Metropolitan brought the present action to obtain a declaratory judgment from this court that Slavin’s injuries are not covered by Santos’s automobile insurance policy and that it, therefore, does not have the duty to defend and indemnify Santos in this matter and does not have the obligation to pay PIP benefits to Slavin.
DISCUSSION
Summary judgment will be granted where there are no genuine issues as to any material facts and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commission of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989).
Metropolitan claims it is entitled to a declaratory judgment that it is not liable for Slavin’s injuries as a matter of law because Slavin was not injured by the pick-up truck itself nor was she occupying it when she was injured on May 17, 1999. In short, Metropolitan is denying that it has the duty to defend and indemnify Santos for Slavin’s injuries because it is claiming these injuries did not arise from an “accident” with Santos’s vehicle as that term is defined by the policy. In contrast, Slavin claims she is entitled to judgment as a matter of law because her injuries have a causal connection to the use of the insured vehicle, namely to load Santos’s catch of fish, and, thus, did result from an “accident” with the insured vehicle under the terms of the policy.
The central inquiry in determining whether or not Metropolitan has a duty to defend and indemnify Santos for any claim by Slavin for personal injuries arising out of the May 17, 1999 incident or to pay PIP benefits to Slavin for personal injuries arising out of that incident is whether or not this incident qualifies as an “accident” under the terms of the Standard Massachusetts Automobile Insurance Policy (Sixth Edition). Moreover, each of the three types of benefits Slavin filed a claim for are only available to people injured in an accident with the insured vehicle. Under the terms of Santos’s policy with Metropolitan, Metropolitan will pay Compulsory Bodily Injury to Others benefits to people injured or killed by the insured automobile in Massachusetts accidents if the insured person or a member of his/her household is legally responsible for the accident barring some exceptions which are not applicable to this case.2 Also under the terms of this policy, Metropolitan will pay Compulsory PIP benefits directly to the policy holder and “other people” injured or killed in automobile accidents barring certain exceptions which are not applicable to this case.3 Finally, the terms of this policy dictate that Metropolitan will pay Optional Bodily Injury to Others benefits to people injured or killed in accidents if the insured person or a member of his/her household is legally responsible for the accident barring certain exceptions which are not applicable to this case.4
Under Santos’s policy with Metropolitan an accident is defined as “an unexpected, unintended event that causes bodily injury or property damage arising out of the ownership, maintenance or use of an auto.” Standard Massachusetts Automobile Insurance Policy (Sixth Edition), Definitions, page 2. (Emphasis added.) There is no dispute in the record that Slavin being hit with the fish tote on May 17, 1999 was unexpected and unintended or that such an occurrence caused her bodily injury. Since Slavin does not own the vehicle and was not in the process of maintaining it when the accident occurred, the court need only address whether or not her injuries occurred during the "use” of the vehicle. If these injuries did occur during the use of the vehicle, the incident on May 17, 1999 was an “accident” under the terms of the policy and Metropolitan must defend and indemnify Santos for Slavin’s injuries and pay PIP benefits for said injuries to Slavin.
Massachusetts has long held that the operation or use of an insured motor vehicle includes the loading and unloading of that vehicle. Travelers Ins. Co. v. Aetna Life and Casualty Co., 410 Mass. 1002, 1003 (1991) (finding that the insured motor vehicle was being operated when a woman in a wheelchair was injured when people carrying her to the vehicle lost their footing on the porch of her residence and dropped her down the steps of the porch); Nichols & Co., Inc. v. Travelers Ins. Co., 343 Mass. 494, 497 (1962) (finding insurance company liable for injuries sustained by a pedestrian injured when she was struck by a bale of wool being unloaded from the insured vehicle); Diggins v. Theroux, 314 Mass. 735, 737 (1943) (finding operation of a vehicle occurring when a man stood beside the vehicle on the curb to assist with loading of a show *476case into the vehicle); Cook v. Crowell, 273 Mass. 356, 358-59 (1930) (finding unloading clams from a vehicle was operation of that vehicle under Massachusetts law).
Under the Massachusetts completed act doctrine, a motor vehicle is in “use” if people are in the process of loading or unloading that vehicle and that task is still incomplete when the accident in question occurs. Aetna Life and Casualty Co., 410 Mass. at 1003. Moreover, injuries which occur incidently to the loading or unloading of a motor vehicle are within the liability coverage of a Standard Massachusetts Automobile Insurance Policy because such injuries result from the ownership, maintenance, or use of the insured vehicle. See id. Nichols & Co, Inc., 343 Mass at 497; Diggins, 314 Mass. at 737; Cook, 273 Mass. at 358-59.
Metropolitan contends that loading and unloading only constitute “use” when the insured vehicle is operating in a business context because the case law delineating this doctrine involves vehicles being loaded or unloaded for business purposes.5 See id. However, a careful review of this case law reveals no implicit holding that this doctrine applies only to vehicles in the business context. See id. On the contrary, the court in these cases merely defines the “operation” or “use” of a motor vehicle to include loading and unloading in general. See id. Thus, the loading and unloading use doctrine is applicable to both personal and business motor vehicles. See id.
Therefore, Slavin unquestionably sustained injuries during an accident with Santos’s vehicle because she was injured during the use of that vehicle. See id. The task of loading the truck was incomplete when Slavin was injured and Slavin’s injuries were a result of the truck loading process. In turn, Slavin may submit a claim for Compulsoiy Bodily Injury to Others and Optional Bodily Injury to Others benefits to Metropolitan and Metropolitan must defend and indemnify Santos on such a claim because Slavin’s injuries are a direct result of an effort to load or “use” the insured vehicle. See id. Likewise, Metropolitan must pay PIP benefits to Slavin for injuries sustained by her in the May 17, 1999 accident. See id. The uncontested fact that Slavin was not in the vehicle or even touching the vehicle is irrelevant. See Aetna Life and Casualty Co., 410 Mass. at 1003; Nichols & Co., Inc., 343 Mass at 497. The only relevant fact is that Slavin was injured while materials were being loaded into the insured vehicle and her injuries resulted from that activity. See id.
Consequently, Metropolitan is not entitled to summary judgment as a matter of law as Slavin may file a claim under Santos’s Standard Massachusetts Automobile Insurance Policy because her injuries were sustained due to and during the use of the insured vehicle. See Cassesso, 390 Mass. at 422; Dawes, 369 Mass. at 553. Accordingly, Slavin is entitled to judgment as a matter of law. See id.; MassR.Civ.P. 56(c). Metropolitan is obligated to defend and indemnify Santos for any claims by Slavin arising out of the May 17, 1999 accident with his vehicle and pay PIP benefits to Slavin for injuries sustained as a result of this accident.
ORDER
For the above stated reasons, plaintiffs motion for summary judgment is DENIED and defendant Patricia A. Slavin’s cross-motion for summary judgment is ALLOWED. It is DECLARED and ADJUDGED that the activities on May 17, 1999 which led to Patricia A. Slavin’s injuries are covered by Metropolitan Property and Casualty Insurance Company’s insurance policy for William Santos Jr.’s vehicle, and that Metropolitan Property and Casually Insurance Company has a duty to defend and indemnify William Santos, Jr. on any claim or civil action for personal injuries brought by Patricia A. Slavin arising out of the above described activities on May 17, 1999 and to pay PIP benefits to Patricia A. Slavin for injuries sustained as a result of the subject accident.

The policy excludes employees of the legally responsible person and guest occupants of the vehicle from such coverage in addition to people injured in accidents outside Massachusetts or in places where the there is no right of public access. Standard Massachusetts Automobile Insurance Policy (Sixth Edition), page 4. Given the record before the court, none of these exceptions are applicable to Slavin in this case.

The policy excludes people occupying motorcycles, motorized bicycles or unregistered vehicles at the time of the accident and anyone who contributed to his/her injury by operating an auto while under the influence of a controlled substance, seeking to avoid arrest or committing a felony or with the specific intent of injuring himself/herself or others from PIP benefits. In addition, PIP benefits will not be awarded to anyone who is entitled to workers’ compensation benefits for the same injury. Standard Massachusetts Automobile Insurance Policy (Sixth Edition), page 7. There is nothing in the record indicating that any of these exceptions applies to Slavin in this case.

The exceptions to Optional Bodily Injury to Others coverage concern Injuries to employees who are injured in the course of their employment or situations where the insured vehicle is being used in a business context. Standard Massachusetts Automobile Insurance Policy (Sixth Edition), page 13. As discussed in footnote 5, there is no allegation that Slavin’s injuries occurred in a business use of the insured vehicle and, thus, the court need not address these exceptions to Optional Bodily Injury to Others benefits in this case.

In footnote 28 of plaintiffs memorandum in support of its motion for summary judgment, Metropolitan raises the argument that if Santos was using his truck for business purposes by loading fish into it, there would be no insurance coverage for the May 17, 1999 incident because this vehicle is covered by a “personal automobile policy.” Other than this footnote, this issue was not argued or briefed for the court. Therefore, the court does not reach or address this issue in determining whether or not the plaintiff is liable under Santos’s policy for the May 17, 1999 incident.