NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-59                                       Appeals Court

WRBASY RAMIREZ[1]  vs.  COMMERCE INSURANCE COMPANY.

No. 16-P-59.

Suffolk.     November 7, 2016. - March 7, 2017.

Present:  Cypher, Massing, & Sacks, JJ.


Motor Vehicle, Insurance.  Insurance, Motor vehicle insurance,
     Replacement, Construction of policy.  Contract, Insurance,
     Construction of contract.  Evidence, Replacement cost.



     Civil action commenced in the Superior Court Department on
February 21, 2014.

     The case was heard by Janet L. Sanders, J., on motions for
summary judgment.


     Thomas G. Shapiro for the plaintiff.
     Nelson G. Apjohn (Eric P. Magnuson also present) for the
defendant.
     E. Michael Sloman, for Automobile Insurers Bureau, amicus
curiae, submitted a brief.


     CYPHER, J.  The plaintiff, Wrbasy Ramirez, appeals from a

Superior Court judgment entered on a motion for summary judgment

filed by Commerce Insurance Company (Commerce).  The plaintiff

_____

     [1] Individually and on behalf of a putative class.

argues that under the standard Massachusetts automobile insurance policy, Commerce must pay, as damages on his third-party claim for the total loss of his automobile, not only the actual cash value of a replacement vehicle, but also the applicable sales tax -- even where he has not purchased a replacement vehicle and incurred the sales tax. We affirm.[2]

Background. The following undisputed facts are taken from the summary judgment record. In January, 2014, the plaintiff was involved in a motor vehicle collision in Danvers with a vehicle driven by Edith McGuinness. Commerce insured McGuiness through a 2008 edition of the standard Massachusetts automobile insurance policy (the policy), which contains language approved by the Commissioner of Insurance.

The policy included benefits for third-party property damage claims where Commerce determined that its insured was legally responsible for the collision. Specifically, part 4 of the policy provided: "[W]e will pay damages to someone else whose auto or other property is damaged in an accident. The damages we will pay are the amounts that person is legally entitled to collect for property damage through a court judgment or settlement. . . . Damages include any applicable sales tax

---

[2] Because we affirm the Superior Court judgment, we do not reach the plaintiff's argument that that Commerce's refusal to make the payment is a violation of G. L. c. 93A, § 9. See Townsends, Inc. v. Beaupre, 47 Mass. App. Ct. 747, 755 (1999).

and the costs resulting from loss of use of the damaged property."

Under the policy and the regulations at issue here, damages are calculated as follows: "Whenever the appraised cost of repair plus the probable salvage value may be reasonably expected to exceed the actual cash value of the vehicle, the insurer shall determine the vehicle's actual cash value." 211 Code Mass. Regs. § 133.05(1) (2003).[3] This determination shall be based on a consideration of all the following factors: (a) the retail value for an automobile of like kind and quality prior to the accident; (b) the price paid for the automobile plus the value of prior improvements to the automobile at the time of the accident; (c) the decrease in value of the automobile resulting from prior unrelated damage which is detected by the appraiser or for which a claim has been paid; and (d) the actual purchase cost of an available automobile of like kind and quality. Ibid.

Commerce concluded that its insured was legally liable for the accident and, using the above formula, appraised the plaintiff's automobile as a total loss. Commerce determined that the actual cash value for the automobile was $5,296. The

---

[3] The purpose of the regulation is "to promote the public welfare and safety by establishing fair and uniform standards for the repair of damaged motor vehicles." 211 Code Mass. Regs. § 133.01 (2003). Morgan v. Massachusetts Homeland Ins. Co., 91 Mass. App. Ct. 1, 8 (2017).

plaintiff chose to retain the automobile in accordance with the regulations and Commerce established the salvage value of the vehicle accordingly. See 211 Code Mass. Regs. § 133.05(2) ("If the claimant retains title to the vehicle, the appraiser shall obtain bids from two geographically convenient licensed salvage companies. The average of the two bids shall be used as the salvage value"). See also 211 Code Mass. Regs. § 133.06(1)-(3) (2003). Because the plaintiff planned to retain the automobile, Commerce offered him $4,872.32 to satisfy his claim. That amount represented the difference between the automobile's salvage value of $423.68 and its actual cash value.

The plaintiff accepted the damages amount, but objected to the omission of the Massachusetts sales tax in the calculation of the amount of his loss. In response, Commerce informed him that he would be reimbursed for sales tax (applied against his automobile's actual cash value) upon proof that he purchased a replacement automobile and incurred the tax. Commerce subsequently sent the plaintiff a check for a total loss amount of $4,872.32, and a second check for $440 in towing and storage fees in accordance with part 11 of the policy. The plaintiff did not provide proof of sales tax incurred in a purchase of a replacement automobile and commenced the present action.

Standard of review. "We review a grant of summary judgment de novo to determine 'whether, viewing the evidence in the light

most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'"  Juliano v. Simpson, 461 Mass. 527, 529-530 (2012), quoting from Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).  See Mass.R.Civ.P. 56(c), as amended by 436 Mass. 1404 (2002).  "The moving party bears the burden of affirmatively demonstrating the absence of a triable issue." Lev v. Beverly Enterprises-Mass., Inc., 457 Mass. 234, 237 (2010).

The responsibility of construing the language of an insurance contract is a question of law for the trial judge, and then for the reviewing court.  Ruggerio Ambulance Serv., Inc. v. National Grange Mut. Ins. Co., 430 Mass. 794, 797 (2000).  In general, the rules of construction entitle an insured to "the most favorable interpretation of the policy language when there is more than one rational interpretation of the policy language, or where the policy language is ambiguous." Richardson v. Liberty Mut. Fire Ins. Co., 47 Mass. App. Ct. 698, 702 (1999), quoting from Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 200 (1995).  This rule of resolving ambiguities in a policy against the insurer, however, is inapplicable where the language of the contract is that of the standard policy and is, therefore, prescribed by statute and controlled by the Division of Insurance.  See Jacobs v. United States Fid. & Guar. Co., 417

Mass. 75, 76 (1994).  The policy must be construed consistent with the principle that "policy language must be 'read as a whole and in the context of the insurance scheme in Massachusetts.'"  Massachusetts Insurers Insolvency Fund v. Premier Ins. Co., 449 Mass. 422, 427 (2007), quoting from Massachusetts Insurers Insolvency Fund v. Safety Ins. Co., 439 Mass. 309, 313 (2003).

Discussion.  Where a third party has incurred automobile damage due to a collision with a liable insured vehicle, part 4 of the policy requires the insurer to pay "the amounts that person is legally entitled to collect for property damage through a court judgment or settlement,"  including "any applicable sales tax."  The plaintiff argues that because sales tax is recoverable as damages in tort, the sales tax should be recoverable under the policy without proof that he replaced his vehicle.[4]  However, under the policy and the relevant regulations, as with any tort, the plaintiff must prove damages.

---

[4] The plaintiff cites numerous cases from other jurisdictions to support his proposition that sales tax is a component in assessing a total loss claim.  However, in Mills v. Foremost Ins. Co., 511 F.3d 1300, 1302 (11th Cir. 2008), for example, the plaintiff's claim is regarding damaged property, which differs from the total loss claim in the instant case. Additionally, the plaintiff cites cases that hold that ambiguity in the contract should be construed against the insurer.  Here, because Commerce used a standard insurance policy we do not construe any ambiguity in the policy against the insurer.

"Under the common law of torts, at the time of an accident, an injured party accrues a right, albeit an inchoate one, 'to be made whole and compensated for' injuries wrongfully inflicted by a tortfeasor."  Smith v. Massachusetts Bay Transp. Authy., 462 Mass. 370, 375 (2012), quoting from G.E. Lothrop Theatres Co. v. Edison Elec. Illuminating Co., 290 Mass. 189, 194 (1935). Generally, the appropriate measure of damages in actions for negligent injury to property is the difference between the fair market value of the property prior to the loss and its fair market value after the loss caused by the tortfeasor. Massachusetts Port Authy. v. Sciaba Constr. Corp., 54 Mass. App. Ct. 509, 513-514 (2002).  Therefore, Commerce is only responsible for placing the plaintiff in the same position as he was before suffering the loss.  See 275 Washington St. Corp. v. Hudson River Intl., LLC, 465 Mass. 16, 28 (2013).  See also John Hetherington & Sons, Ltd. v. William Firth Co., 210 Mass. 8, 21 (1911); VMark Software, Inc. v. EMC Corp., 37 Mass. App. Ct. 610, 611 n.2 (1994).

The plaintiff argues that the phrase "any applicable sales tax" applies to his total loss claim and that any ambiguity in the phrase should be resolved in his favor.  The phrase is included in a sentence that also provides that damages include "costs resulting from loss of use of the damaged property."  The plaintiff is correct that the amount for applicable sales tax,

like the amount for loss of use, may be included as damages. The plaintiff goes awry, however, in assuming that he is automatically entitled to sales tax under this sentence of the policy without establishing that it is an element of the damages he incurred or will incur.[5]

The policy and the relevant regulations provide a mechanism for the fair and prompt valuation of damage to an automobile after a collision. Moreover, as with the payment the plaintiff received for the towing and storage of the vehicle under part 11

---

[5] The plaintiff argues that language contained in 212 Code Mass. Regs. § 2.04(1)(e) (2008) requires the sales tax to be included as damages for his automobile. The language he relies on for this argument is: "The total cost of repairing the damage shall be computed by adding any applicable sales tax payable on the cost of replacement parts and other materials." This language is for the determination of the cost of repairs. When the cost of repairs exceeds the actual cash value, the insurer considers the automobile to be a total loss. This section of the regulations is not applicable to the present facts, as the plaintiff's automobile has been determined to be a total loss.

The plaintiff also argues that he has already incurred the loss of (and so should now recover) an amount equal to the sales tax on the actual cash value of his vehicle because, under 830 Code Mass. Regs. § 64H.25.1(5)(c)(1) (1996), had he traded the vehicle in connection with purchasing another vehicle, he would be entitled in effect to a corresponding credit against the sales tax due on the vehicle being purchased. Although plaintiff's vehicle may have had some inchoate sales tax-related value under that regulation, the value would only have been realized in the event of the purchase of another vehicle in a transaction falling under the regulation. The plaintiff offered no evidence that he ever intended to engage in such a transaction before the accident, or did engage in such a transaction after the accident, and thus we do not see how he has suffered any actual loss under that regulation.

of the policy, proof of the incurred loss is necessary for recovery of damages.  Similarly, a plaintiff who has retained the automobile as salvage must provide to the insurer proof of the payment of sales tax on a replacement automobile to recover the applicable sales tax.[6]  The insurer is only required to place the plaintiff in as good a position as he was in at the time of his loss.[7]  See 275 Washington St. Corp. v. Hudson River Intl., LLC, supra.

Judgment affirmed.

---

[6] The plaintiff asserts that under the policy, a first-party claimant must recover any applicable sales tax whether the insured has purchased a new vehicle or not.  In fact, a review of the total loss worksheet establishes that where a first-party claimant or a third-party claimant has retained the vehicle as salvage, sales tax is not included as damages absent proof of the purchase of a replacement vehicle.  Only where the insurer has retained the vehicle is a first-party claimant or a third-party claimant entitled to sales tax as damages.

[7] To the extent that we do not discuss other arguments raised by the parties, they "have not been overlooked.  We find nothing in them that requires discussion."  Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004) (citation omitted).